FILED

1  Donnie R. Cox, Esq. SBN: 137950
   Dennis B. Atchley, Esq. SBN: 70036
2  LAW OFFICES OF DONNIE R. COX
   402 North Nevada Street
3  Oceanside, CA 92054-2025
   (760) 400-0263
4  drcoxlaw@aol.com
   dbalaw@yahoo.com
5

2013 OCT -3  AM 11: 37

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

6  Paul W. Leehey,   SBN: 92009
   LAW OFFICE OF PAUL W. LEEHEY
7  210 East Fig Street, Ste. 101
   Fallbrook, CA  92028-2002
8  Telephone (760) 723-0711
   law@leehey.com
9
   ATTORNEYS FOR PLAINTIFFS
10

11            **UNITED STATES DISTRICT COURT**

12          **CENTRAL  DISTRICT OF CALIFORNIA**

13  ERNEST J. PEDROZA; ARLENE G.              CASE NO:   **EDCV 13-01800 JGB (DTBx)**
    PEDROZA; D.M.P., a minor, D.L.P., a
14  minor by and through their Guardian Ad     **COMPLAINT FOR DAMAGES**
    Litem, Jane Ellen Martines
15
                    Plaintiffs.
16
    vs.
17
    COUNTY OF RIVERSIDE;
18         RIVERSIDE DEPARTMENT
    OF PUBLIC SOCIAL SERVICES-
19  CHILDREN'S SERVICES DIVISION;
    DANIELLE BALLIER, LAURIE
20  FINEMAN, MELISSA MEYER,
    DEBBIE BIDDLE, KARIN ATKINS,
21  CHRISTINE FOWLER, SOPHIA
    WILLIAMS, CITY OF BEAUMONT,
22  BEAUMONT POLICE DEPARTMENT,
    OFFICER HARDESTY, OFFICER
23  VONGSAVANH SANANIKONE,
    DETECTIVE  ADAMS, and Does 1
24  through 10 inclusive,

25                  Defendants.

26  _____)      **JURY TRIAL REQUESTED**

27

28

    _____
    COMPLAINT FOR DAMAGES                     1

1    Plaintiffs, ERNEST J. PEDROZA, ARLENE G. PEDROZA, D.M.P, and D.L.P,

2    minors by and through their Guardian *ad Litem*, Jane Ellen Martines, allege as follows:

3    1.    Pursuant to this Court's local Rule 8-1, Plaintiffs assert that the statutory or other

4    basis for the exercise of jurisdiction in this United States Federal District Court is based

5    upon a federal question asserted under 42 U.S.C. 1983 as to violations of Plaintiffs' rights

6    under the U. S. Constitution and laws, including those under the First, Fourth and

7    Fourteenth Amendments, as well as supplemental jurisdiction for Plaintiffs' state claims

8    asserted pursuant to 28 U.S.C. 1367(a); all of which Plaintiffs request be tried and heard

9    before a jury.

10   2.    At all relevant times mentioned in this Complaint, Plaintiffs were residents of

11   Riverside County, California.

12   3.    Jane Ellen Martines has made application to be appointed the Guardian *ad Litem*

13   for the minors, D.M.P. and D.L.P. in this action.

14   4.    At all times mentioned herein, the COUNTY OF RIVERSIDE was and is a public

15   entity (hereinafter "COUNTY").

16   5.    At all times mentioned herein, the RIVERSIDE DEPARTMENT OF PUBLIC

17   SOCIAL SERVICES–CHILDREN'S SERVICES DIVISION (hereinafter "D.P.S.S."), was

18   and is a subdivision or entity of the COUNTY OF RIVERSIDE.

19   6.    At all times mentioned herein, Defendant DANIELLE BALLIER(hereinafter

20   "BALLIER"), was an officer, agent, and employee of County and D.P.S.S.

21   7.    At all times mentioned herein, Defendant LAURIE FINEMAN (hereinafter

22   "FINEMAN"), was an officer, agent, and employee of County and D.P.S.S.

23   8.    At all times mentioned herein, Defendant MELISSA MEYER (hereinafter

24   "MEYER"), was an officer, agent, and employee of County and D.P.S.S.

25   9.    At all times mentioned herein, Defendant DEBBIE BIDDLE (hereinafter

26   "BIDDLE"), was an officer, agent, and employee of County and D.P.S.S.

27   10.   At all times mentioned herein, Defendant KARIN ATKINS (hereinafter

28   "ATKINS"), was an officer, agent, and employee of County and D.P.S.S.

11. At all times mentioned herein, Defendant CHRISTINE FOWLER (hereinafter "FOWLER"), was an officer, agent, and employee of County and D.P.S.S.

12. At all times mentioned herein, Defendant SOPHIA WILLIAMS (hereinafter "WILLIAMS"), was an officer, agent, and employee of County and D.P.S.S.

13. At all times mentioned herein, the CITY OF BEAUMONT was and is a public entity (hereinafter "BEAUMONT").

14. At all times mentioned herein, the BEAUMONT POLICE DEPARTMENT was and is a public entity (hereinafter "POLICE").

15. At all times mentioned herein, Defendant OFFICER HARDESTY (hereinafter "HARDESTY"), was an officer, agent, and employee of City of Beaumont and Beaumont Police Department.

16. At all times mentioned herein, Defendant OFFICER VONGSAVANH SANANIKONE (hereinafter "SANANIKONE"), was an officer, agent, and employee of City of Beaumont and Beaumont Police Department.

17. At all times mentioned herein, Defendant DETECTIVE ADAMS (hereinafter "ADAMS"), was an officer, agent, and employee of City of Beaumont and Beaumont Police Department.

18. Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as Does 1 through 10, Inclusive, and therefore sue them by such fictitious names. Plaintiffs will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained.

19. Plaintiffs are informed and believe and, based upon such information and belief, allege that each of the Defendants is responsible in some manner for the events and happenings referred to herein and was the legal cause of injury and damages to Plaintiffs as herein alleged.

20. Plaintiffs are informed and believe and, based upon such information and belief, allege that, at all times herein mentioned, each and every Defendant was the agent and/or employee of their co-Defendants, and each of them, acting at all relevant times herein under color of the authority of a governmental entity under the statutes, ordinances,

1  regulations, customs and usage of the State of California and/or the United States

2  Constitution and related laws.

3  **COMMON ALLEGATIONS**

4  21.     This action arises from an investigation and proceedings of a juvenile dependency

5  investigation pursuant to Chapter 2 (commencing with Section 200) of Part 1 of Division

6  2 of the Welfare and Institutions Code initiated or conducted by Defendants, COUNTY,

7  through its subdivision and Agency, regarding Plaintiffs D.M.P. and D.L.P., and affecting

8  their parents, ERNEST J. PEDROZA and ARLENE PEDROZA (hereinafter "ERNEST"

9  and "ARLENE" respectively), and the subsequent and wrongful arrest of ERNEST and

10  ARLENE by Defendants POLICE, BEAUMONT, and their Individual employees.

11  22.     D.M.P. and D.L.P., were born in 2007 and 2006 respectively.  Both were born with

12  severe medical problems and both were removed from abusive homes and placed in foster

13  care. Both were adopted by the PEDROZA'S in 2011

14  23.     ERNEST and ARLENE were married in 2004. They have five adult children from

15  prior marriages ages 21 to 28.   ERNEST, and particularly ARLENE, have been active in

16  the foster care community for many years. They have been fostering children in their home

17  since 2007 and have fostered more than 35 children during that time.  Both are noted child

18  advocates, and as recently as May of 2012 ARLENE was named "Foster Parent of the

19  Year" by Riverside County.  They adopted D.M.P. and D.L.P. in January  2010 despite

20  their disabilities and because of their commitment and love for the children. At the time

21  of the incidents  they were in the process of adopting 2 other children. ALL Defendants

22  were aware of all of these facts.

23  24.     Neither Plaintiff ERNEST nor ARLENE, *have ever been arrested as an adult*, and

24  prior to this case had never had any negative contact with D.P.S.S. or any other police or

25  social service agency.

26  25.     At all relevant times, all four Plaintiffs resided at 27718 Balboa Court, Menifee,

27  California.

28  26.     At all relevant times minor plaintiff D.M..P. suffered from Hypotonic Cerebral

Palsy, a seizure disorder and Systematic Mastocytosis, conditions which require him to see a variety of physicians, particularly at Loma Linda Hospital, to take numerous medicines, and caused him to suffer from periodic seizures and to bruise easily when touched. These conditions also caused him to have frequent episodes of outbursts, and aggressive behavior harmful to him. These conditions were well documented by ERNEST and ARLENE through the children's physicians, and at the time of the incidents that are the subject of this action ALL Defendants were aware of each and every one of these facts.

27.    On or about October 8, 2012, D.M.P. was noted at school to have some redness around his face. Defendant D.P.S.S. was contacted as well as Defendant BEAUMONT/POLICE. Defendants BIDDLE arrived at the school, and without the permission of either ERNEST or ARLENE, interrogated D.M.P. During the interrogation D.M.P., who was 6 years old at the time, was "agitated" and unable to clearly identify any abuse perpetrated by anyone, let alone ERNEST or ARLENE. In fact he indicated that he did not know the difference between the truth and a lie.

28.    At approximately 2:30 p. m.,  ARLENE was contacted and immediately went to the school. There she was confronted by BIDDLE.   She explained D.M.P.'s medical conditions and gave them the name of the child's physician. BIDDLE did not contacted the doctor on that day.

29.    Obviously D.M.P. did not suffer from any serious physical condition that required medical attention because instead of being taken to a doctor, D.M.P. was transported to the Beaumont Police Station where he was subjected to further interrogation by Defendant HARDESTY. After more than an hour, D.M.P. "disclosed" that he had been thrown out of bed, beaten, and otherwise abused by the PEDROZAS. These allegations were false and in fact were the product of the prolonged and illegal interrogation and the child's medical condition.

30.    At approximately 5:30 p.m. ERNEST arrived at the police station and was interrogated by Defendant ADAMS. He denied any abuse of any of his children and even though they lacked probable cause, ADAMS, HARDESTY, and SANANIKONE.

illegally arrested ERNEST.  Thereafter, D.M.P. was finally taken to Loma Linda Regional Medical Center  where he was examined. The doctors expressed no concerns about D.M.P.'s condition and immediately released him to ARLENE.

31.     Not satisfied, BIDDLE ordered ERNEST and ARLENE to take D.M.P. to a further examination the next day.  ARLENE complied and in fact took with her pastors, and one of her adult daughters. After the examination, and with no indication that D.M.P. was in "imminent danger of serious  physical injury," BIDDLE, and the remainder of the COUNTY individual Defendants as well as HARDESTY and the remainder of the BEAUMONT/POLICE Defendants, ordered that both D.M.P. *and D.L.P.* as well as the PEDROZA's foster children be removed.

32.     This was done despite the fact that all individual Defendants were aware of the circumstance of D.M.P.'s medical conditions, had now spoken to his physician, who assured the Defendants that the marks and or bruising was not the result of abuse, and that ERNEST and ARLENE were in fact superlative parents and foster parents. Immediately thereafter, ARLENE was also falsely arrested for child abuse.

33.     From October 8, 2012 to March 20, 2013, when the case was dismissed by the Juvenile Court, the Individual COUNTY and BEAUMONT/POLICE Defendants and each of them made numerous false and misleading restatements, both in Court Reports and in Police Reports concerning ERNEST and ARLENE.  These included:

    a.     That the Defendants and each of them  had spoken with D.M.P.'s medical specialist's about his physical disabilities.  These statements were not true when they were made.

    b.     That ARLENE admitted to striking D.M.P. with a "wire hanger". This statement was false.

    c.     That none of D.M.P.'s medical specialist stated that the redness in his face could have been caused by one or more of his medical conditions. These statements were not true

    d.     That there had been a prior confirmed allegation of abuse made against  the

PEDROZAS while they were foster parents in 2007. In fact this allegation had been determined to be UNFOUNDED, and each and every Individual Defendant was aware of this fact, and continued to report the finding to the Court as if it were true.

e.   That ERNEST and ARLENE'S adult children told the individual defendants and each of them that they had been disciplined as childrens with wire hangers and hair brushes. These statements were blatantly false.

f.   That there was sufficient evidence to support a petition that both ERNEST and ARLENE administered inappropriate physical discipline to a child.

g.   That there were sufficient grounds to detain and arrest ERNEST and ARLENE for any crime whatsoever.

35.   These are but a few of the false and misleading statements made by each and every individual Defendant. Plaintiffs reserve the right to add to this list as discovery in the case proceeds.

36.   In addition on October 9, 2013 both D.M.P. and D.L.P. were subjected to multiple invasive and intrusive physical examinations by the Individual Defendants and each of them, without exigent circumstances and without the permission of ERNEST and ARLENE.   This was done even though there was no medical need for such examinations nor were the Plaintiffs ERNEST and ARLENE allowed to be present during the examinations.

37.   Thereafter on or about March 13, 2013, all allegations that ERNEST and ARLENE had physically abused any of their children were dismissed by the Juvenile Court.

38.   In December of 2012, the Riverside District Attorney's office rejected the criminal charges against either ERNEST or ARLENE due to a lack of evidence.

39.   However, Defendant MEYER and each and every individual COUNTY defendant continued to harass the Plaintiffs even after the Juvenile Court had dismissed the action, appearing at the Plaintiffs door after March 13, 2013, and demanding to see the children without authority and under the color of law.

40.    On April 5, 2013, Plaintiffs served Defendant BEAUMONT and COUNTY with a Government Tort Claim (GTC), alleging unlawful conduct including violations of Plaintiffs statutory and Constitutional rights.  Thereafter the Riverside County District Attorney, who had originally refused to file criminal charges, reversed that decision and ARLENE was notified that criminal charges were being filed against her related to the October 8, 2012 incident.

41.    This occurred even though the Juvenile Court had dismissed the Juvenile action against ERNEST and ARLENE, and ordered the children returned to them and no new evidence or information, other than exculpatory information, had become available.

42.    Plaintiffs are informed and believe and thereon allege that the actions by the COUNTY and its employees and the BEAUMONT and its employee's and each of them in filing these false and malicious charges were in retaliation for complaints made by the Plaintiffs to the COUNTY Ombudsman, and the GTC served on the COUNTY and the BEAUMONT as a result of their unlawful actions beginning on October 8, 2012 and continuing to the present.

43.    Furthermore, the removal and detention, and continued detention, of the minor Plaintiffs from the care and custody of Plaintiffs' ERNEST and ARLENE, was by the joint actions of, and in concert with, the aforementioned agents and employees of the Defendant COUNTY, and BEAUMONT and each of them, and was done without probable, reasonable or just cause, and by failing to provide exculpatory and favorable evidence, by providing false and misleading evidence, by the use of undue influence, coercion and/or duress and when they knew the minor children were not in imminent danger of serious bodily injury and  and without determining whether the scope of the intrusion was reasonably necessary to avert the specific injury; and therefore was in violation of clearly established legal authority (see *Mabe v. San Bernardino County, Dept. Of Pub. Servs.* 237 F.3d 1101 (9th Cir. 2001), *Wallis v. Spencer* 202 F.3d 1126 (9th Cir. 2000), as confirmed in *Rogers v. County of San Joaquin* 487 F. 3d 1288 (9th Cir. 2007)), and was a violation of Plaintiffs' constitutional rights under the First, Fourth, and Fourteenth Amendments of

the U.S. Constitution, and Article 1, Section 1 of the California State Constitution (including the right of privacy).

44.    From and after March 20, 2013, and thereafter, Defendants COUNTY and BEAUMONT, and all named Defendants, and Does 1 to 10, acted together in initiating and conducting investigations and proceedings, and related matters and conduct, pursuant to (Section 200) of Part 1 of Division 2 of the California Welfare and Institutions Code relating to allegations of child abuse and/or neglect; and did so without any just or reasonable cause, and in violation of both statutory and case law, and with an intent by Defendants to cause injury to Plaintiffs, or with a willful and conscious disregard of the Plaintiffs' rights or safety, carried out, initiated, performed, authorized and/or conducted, with the knowledge, consent, authorization and in concert with all other Defendants, including but not limited to the following:

  a. By using false, coercive, intimidating, abusive, demeaning and improper conduct during their investigation of Plaintiffs;

  b. By removing the minor Plaintiffs from the care, custody and control of their parents ERNEST and ARLENE, and thereafter continuing to detain them until March 20, 2013, without just or reasonable cause, without consent of ERNEST and ARLENE, without the existence of imminent danger of serious bodily injury to said children and without determining whether the scope of the intrusion was reasonably necessary to avert the specific injury;  (in violation of *Mabe v. County of San Bernardino*, 237 F.3d 1101 (9th Cir. (2001); and *Wallis v. Spencer,* 202 F.3d 1126 (9th Circ. 2000) ; as confirmed by *Rogers v. County of San Joaquin*, 487 F.3d 1288  (9th Cir. 2007) and other applicable case and statutory law);

  c. By conducting unauthorized invasive physical examinations of the children without the consent of, or presence of ERNEST and ARLENE;

  d. Plaintiffs submit that further matters and issues will be shown upon receipt and disclosure of the records and files of the Juvenile Court and D.P.S.S..

which are not available to Plaintiffs due to confidentiality and the requirements of Welf. & Inst. Code §§ 827 and 828; and therefore, further grounds will be shown by amendment or at the time of trial or further proceedings in this matter.

45.   The aforesaid conduct of Defendants, and their agents or employees in removing the children from the care and custody of their parents, in using coercion, intimidation and duress upon Plaintiffs, in presenting the aforesaid false, misrepresented and fabricated evidence, was done jointly and in concert by the individual Defendants and Does 1 through 10, inclusive, to cause injury to the Plaintiffs, or was despicable conduct carried on with the willful and conscious disregard of the Plaintiffs' rights or safety.

46.   As a result of the joint actions of the Defendants, and each of them, occurring between the period of on or about October 8, 2012 through and including March 31, 2013, Plaintiffs have suffered, and will continue to suffer damages, including, but not limited to, physical injuries and/or severe emotional distress, and other damages to be shown according to proof, as a result of these violations of their personal and civil rights of freedom of speech and association, due process, familial association, and to be secure in their person and home.

47.   The Plaintiffs have submitted a Government tort claim to the COUNTY and BEAUMONT on or about.  Said claim was denied by COUNTY on May 28, 2013  and denied by the BEAUMONT on May 8, 2013.

**FIRST CAUSE OF ACTION**
**ASSAULT AND BATTERY - By Plaintiff Minors  D.M.P and D.L.P Against ALL DEFENDANTS, and Does 1 through 10, Inclusive**

48.   Plaintiffs reallege, adopts and incorporated as if set forth at length, and to the extent applicable, paragraphs 1 through 47.

49.   That Defendants, and Does 1 through 10, Inclusive, by their conduct intended to cause, and did cause, Plaintiffs minors D.M.P. and D.L.P. great apprehension and fear of harmful contact to their person by, but not limited to, their removal and detention from their Parents ERNEST and ARLENE, by making false accusations of physical abuse and

1   neglect of Plaintiff minors D.M.P. and D.L.P., including for use as testimony and evidence

2   in the aforementioned Juvenile Court proceedings.

3   50.    Further, Defendants, and Does 1 through 10 did cause the great apprehension and

4   fear of harmful contact by Plaintiff minors D.M.P. and D.L.P. to their persons, by but not

5   limited to, their conduct in or unlawful authorization of the   physical examination,

6   including, but not limited to,  x rays, blood tests and sexual abuse examination, and/or

7   treatment of Plaintiff minors D.M.P. and D.L.P without the consent of their parents,

8   without their presence, and without court order or just cause; the scope of which is not yet

9   fully known.

10   51.    All Defendants,  and Does 1 through 10, Inclusive, with the encouragement,

11   knowledge, advice, counsel and at the request, direction, authorization and/or agreement

12   of the other Defendants, acted with the intent to make, and did make, or caused others to

13   make, harmful contacts with Plaintiff minors D.M.P. and D.L.P.'S   bodies while

14   unlawfully removing and detaining,  continuing to detain, and authorizing or conducting

15   the unlawful physical examination referenced above.  At no time did Plaintiff minors,

16   constructively or otherwise, consent to such contact, nor was any proper consent obtained

17   by law, by court order, or from their parents.

18   52.    Defendants COUNTY and BEAUMONT are vicariously responsible for the conduct

19   of said Defendants under Government Code §815.2.

20   53.    As a direct and legal result of Defendants' tortious and unlawful conduct,

21   Plaintiff minors D.M.P. and D.L.P. have suffered extreme physical, mental and/or

22   emotional distress, including anguish and fear to an extent and in an amount to be proven

23   at trial.

24   54.    All individual Defendants, and Does 1 through 10, Inclusive, acted with malice

25   and with the intent to cause injury to Plaintiffs minors D.M.P. and D.L.P. , or acted with

26   a willful and conscious disregard of the rights of said minor Plaintiffs, in a despicable

27   manner.  Therefore, minor Plaintiffs are entitled to an award of punitive damages for the

28   purpose of punishing ALL INDIVIDUAL Defendants, and Does 1 through 10, Inclusive,

1  to deter them and others from such conduct in the future.

## SECOND CAUSE OF ACTION
### BATTERY
**By Plaintiffs D.L.P. and D.M.P.  AGAINST ALL DEFENDANTS,**
**and Does 1 through 10, Inclusive**

55.    Plaintiffs reallege, adopt and incorporate as if set forth at length, and the extent applicable, paragraphs 1 through 54.

56.    All Defendants,  and Does 1 through 10, Inclusive, with the encouragement, knowledge, advice, counsel and at the request, direction, authorization and/or agreement of the other Defendants, acted with the intent to make, and did make, or caused others to make, harmful contacts with Plaintiff minors D.L.P. and D.M.P.'s bodies while unlawfully removing, detaining, and continuing to detain them.  At no time did Plaintiff minors constructively or otherwise, consent to such contact, nor was any proper consent obtained by law, by court order, or from their parents.

57.    Plaintiffs are also informed and believe that on or after October 9, 2012 and thereafter, All Defendants, and Does 1 through 10, Inclusive, conducted medical examinations and procedures on Plaintiff minors D.L.P. and D.M.P. without the knowledge, consent, authorization of their parents, Plaintiffs ERNEST and ARLENE, without the consent or presence of Plaintiffs ERNEST and ARLENE, and without any order or warrant for such examination, in violation of Plaintiff minors' rights, and in violation of Plaintiff ERNEST and ARLENE'S rights, including those as set forth in clear and established law in the case of *Wallis v. Spencer,* 202 F.3d 1126 (9th Cir. 2000).

58.    As a direct and legal result of Defendants' wrongful, tortious and unlawful conduct, Plaintiff minors D.L.P. and D.M.P.  have suffered extreme physical, mental and/or emotional distress and injuries, including anguish and fear to an extent and in an amount to be proven at trial.

59.    Defendant COUNTY and BEAUMONT are vicariously responsible for the conduct of these Defendants under Government Code § 815.2.

60.    ALL INDIVIDUAL DEFENDANTS and Does 1 through 10, Inclusive, acted with malice and with the intent to cause injury to Plaintiff minors D.L.P. and D.M.P. , or acted with a willful and conscious disregard of the rights of said Plaintiff minors, in a despicable manner.    Therefore, Plaintiff minors are entitled to an award of punitive damages for the purpose of punishing ALL INDIVIDUAL DEFENDANTS, and Does 1 through 10, Inclusive, to deter them and others from such conduct in the future.

### THIRD CAUSE OF ACTION -
**FALSE IMPRISONMENT - By Plaintiff Minors  D.L.P. and D.M.P. Against ALL DEFENDANTS and Does 1 through 10, Inclusive**

61.    Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 60.

62.    All Defendants, and Does 1 through 10, Inclusive, unlawfully removed, detained, and continued to detained Plaintiff minors D.L.P. and D.M.P.  without evidence of any imminent danger of serious bodily injury, without just or reasonable cause, without consent of their parents Plaintiff ERNEST and ARLENE, and/or without probable cause; and therefore deprived them of their personal civil liberties. The unlawful removal, and thereafter the continued detention of said minors, as part of a dependency investigation commenced on October 9, 2012 and thereafter, and lasted continuously until March 20, 2013.

63.    Defendant COUNTY, and CITY of  BEAUMONT are vicariously responsible for the conduct of these Defendants under Government Code §815.2.

64.    As a legal result of Defendants' actions, Plaintiff minors D.L.P. and D.M.P. were physically, mentally and/or emotionally injured, all to an extent and in an amount subject to proof at trial.

65.    All individual Defendants, and Does 1 through 10, Inclusive, acted with malice and with the intent to cause injury to Plaintiff minors D.L.P. and D.M.P., or acted with a willful and conscious disregard of the rights of said  Plaintiffs in a despicable manner. In addition, said Defendants, and each of them, engaged in despicable conduct that subjected

COMPLAINT FOR DAMAGES               13

1  Plaintiff minors D.L.P. and D.M.P. to cruel and unjust hardship in conscious disregard of

2  their rights. Therefore, Plaintiff minors D.L.P. and D.M.P. are entitled to an award of

3  punitive damages for the purpose of punishing ALL INDIVIDUAL Defendants, and Does

4  1 through 10, Inclusive, to deter them and others from such conduct in the future.

## FOURTH CAUSE OF ACTION -
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - By Plaintiffs
### Against All Defendants

7  66.    Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the

8  extent applicable, paragraphs 1 through 65.

9  67.    All Defendants, and Does 1 through 10, Inclusive, engaged in the aforementioned

10  outrageous, unprivileged conduct as set forth herein, including, but not limited to; by

11  forcing Plaintiff PARENTS to enter into alleged "voluntary" agreements; by retaliating

12  against Plaintiffs, for the Plaintiff PARENTS exercise of their right of free speech; by

13  using coercion, undue influence, and duress to force a parent to admit the allegations in

14  order to regain custody of their children by wrongfully and unlawfully removing,

15  detaining, and the continued detention, of minors D.M.P. and D.L.P.; by investigating and

16  questioning Plaintiffs with intimidation, coercion and duress; by falsely and maliciously

17  alleging and reporting that the physical health and safety of minors D.M.P. and D.L.P.

18  were threatened by their parents; by failing to provide evidence and information which

19  would negate removal and continued detention of Plaintiff minors, including when

20  properly and reasonable requested; and, by causing the minor children to be physically

21  examined, including without their parent(s)' presence.

22  68.    Defendant COUNTY and BEAUMONT are vicariously responsible for these

23  Defendants' conduct under Government Code §815.2; and said conduct is not immunized,

24  including by Government Code §820.21

25  69.    These Defendants intended to cause, or acted in reckless disregard of causing,

26  physical and emotional distress when they engaged in such conduct, which they knew not

27  to be true and proper.

28  70.    As a legal result of Defendants' tortious conduct, Plaintiffs, and each of them,

COMPLAINT FOR DAMAGES              14

1   suffered physical and emotional distress, including, but not limited to, fright, nervousness,

2   anxiety, worry, mortification, shock, humiliation and indignity to an extent and in an

3   amount subject to proof at trial.

4   71.     All individual Defendants, and Does 1 through 10, Inclusive, knowingly and

5   willfully acted with malice and oppression and with the intent to harm Plaintiffs in a

6   despicable manner and their conduct shocks the conscience. Therefore, Plaintiffs are

7   entitled to an award of punitive damages for the purpose of punishing these individual

8   Defendants and to deter them and others from such conduction in the future.

### FIFTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS
### UNDER 42 U.S.C. § 1983 By All Plaintiffs As Against
### ALL INDIVIDUAL DEFENDANTS

72.   Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 71.

73.   Commencing on or about October 9, 2012 and thereafter, and continuing through March 20, 2013. All Individual Defendants, and Does 1 through 10, Inclusive, and each of them, as alleged herein, were acting under color of state law when they knew and agreed, and thereby conspired, to unlawfully detain, seize, question, threaten, examine, treat, coerce and/or initiate and pursue an investigation and proceedings (without any basis) as to Plaintiff minors D.L.P. and D.M.P. and to cause said minors to be removed from the care, custody, and control of their parents ERNEST and ARLENE on or about October 9, 2012 and thereafter, and to become dependents of Defendants COUNTY, and continued such removal and dependancy of the COUNTY until March 20, 2013, and did so without proper reason or authority (i.e. see *Mabe v. COUNTY of San Bernardino*, 237 F. 3rd 1101 (9th Cir. (2001); *Rogers v. COUNTY of San Joaquin,* 487 F.3d 1288 (9th Cir. 2007); California Welf. and Inst. Code §§ 306, 309, 311 and 319), without reasonable probable cause, and with deliberate indifference to the rights of said Plaintiffs.

74.   The aforesaid Defendants, and each of them, conspired to interfere with and

1  violate the civil rights of the Plaintiffs, as set forth under 42 U.S.C. § 1983, including

2  violation of the Plaintiffs' rights found in the First, Fourth and Fourteenth Amendments

3  of the United States Constitution, by, but not limited to, acting and conspiring to force

4  Plaintiff PARENTS to relent to their demands, by retaliating against Plaintiffs for exercise

5  of their freedom of speech, and by  removing, detaining and continuing to detain, the

6  person and/or physical and legal custody of minors plaintiffs D.L.P. and D.M.P.  from the

7  care, custody, and control of their parents, ERNEST and ARLENE, without proper or just

8  cause and/or authority; by the use of intimidation, coercion and duress, and by using false

9  and fabricated evidence and testimony, and failing to provide exculpatory evidence, during

10  the investigation and initiation and pendency of the dependency proceedings, including

11  the application for a warrant for the removal of minors D.L.P. and D.M.P. , in violation of,

12  and interference with, the Plaintiffs' constitutional liberty interests under the First

13  Amendment, their fundamental rights to familial association  and due process under the

14  Fourteenth Amendment, and in violation of Fourth Amendment rights against

15  unreasonable searches and seizures.

16  75.    As a direct result of these Individual Defendants' violations, and in accordance with

17  42 U.S.C. §1983, Plaintiffs civil rights have been violated in that they have suffered, and

18  will continue to suffer damages, including but not limited to, physical and/or mental

19  anxiety and anguish; as well as to incur attorneys fees, costs and expenses in the

20  underlying case, and in the matter, as authorized by 42 U.S.C. §1988 in an amount not yet

21  ascertained, all of which shall be shown according to proof at trial.

22  76.    Said individual Defendants' wrongful conduct as herein alleged was intentional,

23  done with malice, and with conscious disregard for the rights of the Plaintiffs herein, and

24  as a result of their despicable conduct, Plaintiffs are therefore entitled to recover punitive

25  damages from said individual Defendants' wrongful acts for the purposes of punishing

26  said Defendants and to deter others from such conduct in the future.

27  ///

28  ///

### SIXTH CAUSE OF ACTION -
#### MONELL RELATED CLAIMS
#### By ALL Plaintiffs Against the COUNTY OF RIVERSIDE
#### AND CITY OF BEAUMONT

77.    Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 76.

78.    At all relevant times herein, Defendants COUNTY, and BEAUMONT,  including through its D.P.S.S. agency, established and/or followed policies, procedures, customs and/or practices (hereinafter collectively referred to as "policy" or "policies") which policies were the cause of violation of Plaintiffs' constitutional rights granted to them pursuant to 42 U.S.C. § 1983, as well as the case of *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), including those under the First, Fourth and Fourteenth Amendments; including but not limited to:

a.    The policy of using undue influence, coercion and/or duress to cause parents to enter into alleged agreements, including with the threat of removal of their children if they do not do so;

b.    The policy of detaining and/or removing children from their parents without exigent circumstances (imminent danger of serious bodily harm), court order or consent of their parent or legal guardian;

c.    The policy of detaining and/or removing children from their parents and failing to determine whether the scope of the intrusion was reasonably necessary to avert the specific injury;

d.    The policy of removal and detention of minor children without a judicial order even in the absence of exigent circumstances;

e.    The policy of causing minor children to be dependents of the County, and continuing to be dependents, removing their legal and physical custody from their parents beyond a reasonable period after the alleged basis for any such removal and continued detention is negated;

f.    The policy of using intimidation, fear, threats, coercion, retaliation,

1   misrepresentation and duress during their investigation of allegations of child

2   abuse and/or neglect, and during the pendency of dependency proceedings;

3   g.   The policy of using trickery, duress, fabrication and/or false testimony or

4   evidence, and in failing to provide exculpatory evidence, in preparing and

5   presenting reports and court documents to the Court, causing an interference

6   with the Plaintiffs' rights, including those as to due process and familial

7   relations and injuring and harming them;

8   h.   The policy of removal and continued detention of children based upon the

9   parent(s)' failure to admit the unproven abuse allegations;

10   i.   The policy of physical examination of minor child(ren), without judicial

11   order, exigent circumstances,  or notification to parent;

12   j.   The policy of prohibiting parents to be present at physical examinations

13   and/or treatment of their child(ren);

14   k.   The policy of signing and preparing petitions and reports in dependency

15   actions under the penalty of perjury without personal knowledge of the truth

16   and/or accuracy of the allegations contained therein;

17   l.   The policy of causing medical examinations, treatment and/or procedures of

18   a minor child without the knowledge, consent, presence, and/or authorization

19   of the parent(s) or legal guardians, and without exigency (imminent danger

20   of serious bodily harm), without medical need or urgency, and without court

21   order;

22   m.   The policy of failing to promptly provide exculpatory and/or relevant and

23   related evidence, testimony, reports and information regarding the ongoing

24   investigation of juvenile dependency matters, when such information would

25   negate the basis for continued detention of the minor children; and

26   n.   By acting with deliberate indifference in implementing a policy of inadequate

27   training, and/or by failing to train and supervise its officers, agents and

28   employees, in providing the Constitutional protections guaranteed to

individuals, including those under the First, Fourth and Fourteenth Amendments, and under California law, when performing actions related to the investigation of child abuse and neglect, including dependency type proceedings.

o.   The policy of first placing without just cause or due process the names of the those accused of abusing and or neglecting their children on the CACI, and then refusing to remove, or request the removal, of those names once the Court has found that the allegations are untrue.

p.   The policy of arresting parents suspected of having abused their children without probable cause.

(The list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile records, which are subject to access, use and/or disclosure pursuant to California Welf. & Inst. Code §§ 827 and 828).

79.   COUNTY and BEAUMONT had a duty to Plaintiffs at all times to establish, implement and follow policies, procedures, customs and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the First, Fourth and Fourteenth Amendments; to use reasonable care to select, supervise, train, control and review the activities of all agents, officers and employees in their employ, including within D.P.S.S. and the Police force; and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiffs herein so as to not cause them the injuries and damages alleged herein.

80.   COUNTY and BEAUMONT breached their duties and obligations to Plaintiffs, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional polices, procedures, customs and practices; by failing to properly select, supervise, train, control, and review their agents and employees as to their compliance with Constitutional safeguards; and by permitting named Defendants, and Does 1 through 10, Inclusive, to engage in the unlawful and unconstitutional conduct as herein alleged.

81. Defendants knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that they would, and did, cause Plaintiffs to be injured and damaged by their wrongful policies and acts as alleged herein and that such breaches occurred in contravention of public policy and as to their legal duties and obligations to Plaintiffs.

82. These actions, or inactions, of Defendants are the legal cause of injuries to Plaintiffs as alleged herein; and as a result thereof, Plaintiffs have sustained general and special damages, as well as incurring attorneys fees, costs and expenses, including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF STATE CIVIL RIGHTS**
**(UNDER CALIFORNIA CIVIL CODE § 43) AGAINST ALL DEFENDANTS**
**- By All Plaintiffs**

83. Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent applicable, paragraphs 1 through 82 herein.

84. All Defendants, and Does 1 through 10, Inclusive, are individuals who were acting under color of law in conducting an investigation and proceedings pursuant to California and federal law, including as to proceedings described in California Government Code § 820.21(a), and, including, but not limited to, the required compliance to California Welfare and Institutions Code Sections:

-290.1 (regarding the requirements when taking a child into custody and immediately filing a petition including as to the requirements in *Mabe v. San Bernardino County, Dept. Of Pub. Servs.* (9th Cir. 2001) 237 F.3d 1101, 1107);

-300 (including regarding the disruption of or intrusion into family life);

-305 (regarding conditions allowing temporary custody without warrant);

-306 (including regarding the conditions in which to take, and maintain, custody of a minor without a warrant to remove);

-307 (including regarding required notice to parents and giving preference to

1   alternatives which least interfere with parents custody of the minor);

2   -307.4 and 308 (regarding providing immediate notice to parents and other certain

3   rights);

4   -309 (including regarding the conditions required to investigate the facts and

5   circumstances of a minor taken into custody and when to release said minor to the

6   custody of his parent or guardian, or to temporarily place the minors);

7   -311 (regarding the requirements of filing a petition pursuant to the requirements

8   of section 332);

9   -319 (including regarding the requirements of filing a court report regarding why

10   a minor has been removed and the need for continued detention);

11   -324.5 (regarding medical procedures of a child in protective custody), and

12   including as required in *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2000); and

13   -332 (regarding the filing and contents of a petition).

14   85.   To the extent not separately responsible, Defendants COUNTY and BEAUMONT

15   are vicariously responsible for these Defendants' conduct under Government Code §815.2;

16   and said conduct is not immunized, including by Government Code §820.21.

17   86.   As a result of the conduct of said Defendants, and each of them, as adopted and

18   incorporated by paragraphs previously set forth herein, Defendants and each of them,

19   violated Plaintiffs' personal and civil rights, including the right of protection from

20   unwarranted and unlawful seizure, bodily restraint or harm, from personal and physical

21   insult and violation, from defamation and from injury to personal relation, as set forth in

22   California Civil Code §43, including by, but not limited to, by interfering, by threats,

23   intimidation, or coercion, or attempts thereto, in the exercise and enjoyment of Plaintiffs'

24   rights secured by the United States Constitution, other Federal laws, and the Constitution

25   and laws of the State of California (conduct not immunized by California's Government

26   Code § 820.21 and federal law), under color of law and  by the use of fabrication of

27   evidence, failure to disclose exculpatory evidence, and by obtaining and/or attempting to

28   obtain, evidence and testimony by duress, fraud and undue influence.  (Pursuant to

1 *Venegas v. County of Los Angeles*, 32 Cal. 4th 820 (2004), Plaintiffs are not required to

2 make a showing of discriminatory intent or show that they are members of a protected

3 classification to exercise these rights.)

4 87. The acts of Defendants that are previously alleged in this Complaint, and

5 incorporated by the references herein to the extent applicable, interfered, or attempted to

6 interfere, with the exercise of Plaintiffs' personal and civil rights under the laws and

7 Constitution of the State of California, including the Plaintiffs' right of privacy and those

8 rights under Civil Code § 43, as well as the laws and the Constitution of the United States,

9 as stated herein.

10 88. As a direct and proximate result of the aforementioned conduct of Defendants, and

11 each of them, Plaintiffs have suffered and will continue to suffer damages, including but

12 not limited to, great emotional and psychological distress, humiliation and mental anguish,

13 the nature and amount of which will be shown according to proof at trial.

14 89. These violations of the Plaintiffs' personal and civil rights by Defendants, and Does

15 1 through 10, Inclusive, and each of them, are protected and guaranteed by California Civil

16 Code § 52.1 entitling Plaintiffs to damages and relief, including damages under California

17 Civil Code § 52, other equitable relief, punitive damages, injunctive relief, statutory civil

18 penalty (including $25,000.00 as to each individual Defendant) and attorneys' fees

19 (pursuant to CC § 52.1(h)), all of which are requested herein.

20 90. In doing the acts alleged in this Complaint, Defendants, and each of them, knew or

21 should have known, that their actions were likely to, or would injure and damage

22 Plaintiffs, and Plaintiffs are informed and believe, and thereon allege, that the individual

23 Defendants, and each of them, intended to cause injury and damage to Plaintiffs, and/or

24 acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs

25 to recover punitive damages as against said individual Defendants.

26 **EIGHTH CAUSE OF ACTION VIOLATION OF STATE CIVIL RIGHTS §52.1**
**AGAINST ALL DEFENDANTS - By All Plaintiffs**

27

28 91. Plaintiffs reallege, adopt and incorporate as if set forth at length, and to the extent

1    applicable, paragraphs 1 through 90 herein.

2    92.    All Individual Defendants, and Does 1 through 10, Inclusive, are individuals who

3    were acting under color of law in conducting an investigation and proceedings pursuant

4    to California law, including as to proceedings described in Government Code § 820.21(a).

5    93.    To the extent not separately responsible, Defendants COUNTY and BEAUMONT

6    are vicariously responsible for these Defendants' conduct under Government Code §

7    815.2; and said conduct is not immunized, including by Government Code §820.21.

8    94.    As a result of the conduct of said Defendants, and Does 1 through 10, Inclusive, as

9    adopted and incorporated by paragraphs previously set forth herein, Defendants and each

10   of them, have violated Plaintiffs' rights by interfering with Plaintiffs' rights by threats,

11   intimidation, or coercion, or attempts thereto, including to force Plaintiffs to conform to

12   their demands, and in retaliation of Plaintiffs' exercise of their rights, causing the violation

13   and interference with the exercise or enjoyment of Plaintiffs' rights secured by the laws

14   and Constitution of the United States, and the Constitution and laws of the State of

15   California, including by using fabricated evidence, failure to disclose exculpatory

16   evidence, and by obtaining and/or attempting to obtain, evidence and testimony by duress,

17   fraud and undue influence, in juvenile dependency investigations and proceedings.

18   95.    As a direct and proximate result of the aforementioned conduct of Defendants, and

19   each of them, Plaintiffs have suffered and will continue to suffer damages, including great

20   emotional and psychological distress, humiliation and mental anguish, the nature and

21   amount of which will be shown according to proof at trial.

22   96.    These violations of the Plaintiffs' rights by Defendants, and Does 1 through 10,

23   Inclusive, and each of them, are guaranteed and protected by Civil Code §52.1 entitling

24   Plaintiffs to damages and relief, including compensatory and punitive damages, other

25   equitable relief, injunctive relief, statutory civil penalty (including $25,000.00 as to each

26   individual Defendant) and attorneys' fees, all of which are requested herein.

27   97.    In doing the acts alleged in this Complaint, Defendants, and each of them, knew or

28   should have known, that their actions were likely, or would, injure and damage Plaintiffs,

1  and Plaintiffs are informed and believe, and thereon allege, that the individual Defendants,

2  and each of them, intended to cause injury and damage to Plaintiffs, and/or acted with a

3  willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs to recover

4  punitive damages as against said individual Defendants.

5

                          **NINTH CAUSE OF ACTION**
6  **42 U.S.C. § 1983 Constitutional Violations Plaintiffs ERNEST and ARLENE**
              **Against Defendants HARDESTY, ADAMS and SANANIKONE**
7

8  98.    Plaintiffs ERNEST and ARLENE re-allege and incorporates by reference each and

   every allegation contained in Paragraphs 1 through 97 herein.
9
   99.    As a result of the acts alleged above, particularly the unlawful detentions and
10
   arrest described above, Plaintiffs ERNEST and ARLENE were falsely arrested and
11
   detained and thus unlawfully seized by Defendants without a warrant or probable cause.
12
   Thus, Plaintiffs ERNEST and ARLENE suffered a false arrest and unlawful seizure in
13
   violation of their constitutional rights as guaranteed by the Fourth Amendment to the
14
   United States Constitution. As a result, Plaintiffs ERNEST and ARLENE are entitled to
15
   damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.
16
   Defendants, and each of them, are liable for this constitutional violation both directly and
17
   as a result of their failure to intervene and prevent or stop these constitutional violations.
18
   100.   As a further result of the acts alleged above, Plaintiffs ERNEST and ARLENE
19
   suffered a violation of their rights as guaranteed by the Fourth and Fifth Amendments to
20
   the United States Constitution. As a result, Plaintiffs ERNEST and ARLENE are entitled
21
   to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.
22
   Defendants, and each of them, are liable for this constitutional violation both directly and
23
   as a result of their failure to intervene and prevent or stop this constitutional violation.
24
   101.   As a proximate result of the acts alleged above, Plaintiffs ERNEST and ARLENE
25
   were injured in mind and body, and sustained the injuries and damages, including, but not
26
   limited to, attorneys fees and costs and other economic damages, and also suffered severe
27
   emotional distress and an invasion of their privacy as a result of this incident, including
28

COMPLAINT FOR DAMAGES            24

1   that resulting from being arrested in a public place and the humiliation attendant thereto.

2   Plaintiffs ERNEST and ARLENE is therefore entitled to general and compensatory

3   damages in an amount to be proven at trial.

4   102.   In committing the acts alleged above, Defendants HARDESTY, ADAMS and

5   SANANIKONE, and/or other BEAUMONT police officers, acted maliciously and/or were

6   guilty of a wanton and reckless disregard for the rights, feelings, privacy and safety of

7   Plaintiffs ERNEST and ARLENE, and by reason thereof Plaintiffs ERNEST and ARLENE

8   are entitled to exemplary and punitive damages in an amount to be proven at trial.

9   **TENTH CAUSE OF ACTION**
**42 U.S.C. § 1983 Constitutional Violations – Unlawful**
10   **Policies, Procedures, Practices, Customs and/or Habits By Plaintiffs ERNEST and**
**ARLENE Against Defendant CITY OF BEAUMONT and BEAUMONT POLICE**
11   **DEPARTMENT**

12   103.   Plaintiffs ERNEST and ARLENE re-allege and incorporates by reference each and

13   every allegation contained in Paragraphs 1 through 102 herein.

14   104.   On information and belief Plaintiffs ERNEST and ARLENE allege that defendant

15   BEAUMONT, and POLICE, have unlawful policies, procedures, practices, customs and/or

16   habits, including the improper and inadequate hiring, training, retention, discipline and

17   supervision of its police officers, including Defendants HARDESTY, ADAMS and

18   SANANIKONE, and/or other BEAUMONT/POLICE officers, which were the moving

19   force for the constitutional deprivations, injuries and damages alleged herein. As a result,

20   Plaintiffs ERNEST and ARLENE are entitled to damages and relief pursuant to Title 42

21   U.S.C. § 1983, in an amount and nature to be proven at trial.

22   105.   Further, on information and belief Plaintiffs ERNEST and ARLENE alleges that

23   defendant BEAUMONT, and POLICE, had and have unlawful policies, procedures,

24   practices, customs and/or habit of permitting or condoning the acts of false arrest, and

25   unlawful search and seizure, by its police officers, including the individual defendants

26   named herein. Defendant BEAUMONT has a further unlawful policy, procedure, practice,

27   custom and/or habit of inadequate training, supervision and disciplining of errant officers,

28   including these defendants.

106.    As a proximate result of the unlawful policies, procedures, practices, customs and/or habits alleged above, Plaintiffs ERNEST and ARLENE suffered the injuries alleged above and thus are entitled to general and compensatory damages in an amount to be proven at trial, and such other damages and relief as allowed pursuant to 42 USC § 1983 and all other applicable laws.

**ELEVENTH CAUSE OF ACTION -**
**FALSE ARREST**
**BY ERNEST AND ARLENE AGAINST CITY OF BEAUMONT,HARDESTY, ADAMS  and SANANIKONE**

107.  Plaintiffs ERNEST and ARLENE re-allege and incorporates by reference each and every allegation contained in Paragraphs 1 through 106 herein.

108.    By the acts alleged herein, particularly the act of arresting ERNEST and ARLENE without a warrant or probable cause, ERNEST and ARLENE were falsely arrested and detained, entitling them to damages pursuant to California law.

109.    As a result of these acts ERNEST and ARLENE suffered the injuries and damages as described above, entitling them to damages in an amount to be proven at trial.

110.    In committing the acts alleged above, Defendants  HARDESTY, ADAMS, and SANANIKONE, and/or other BEAUMONT/POLICE officers,  acted maliciously and/or were guilty of a wanton and reckless disregard for the rights and feelings of ERNEST and ARLENE, and by reason thereof ERNEST and ARLENE is entitled to exemplary and punitive damages in an amount to be proven at trial.

**THIRTEENTH CAUSE OF ACTION**
**Civil Code § 52.1 Civil Rights Violations**
**BY ERNEST AND ARLENE AGAINST CITY OF BEAUMONT, HARDESTY, ADAMS  and SANANIKONE**

111.  Plaintiffs ERNEST and ARLENE re-allege and incorporates by reference each and every allegation contained in Paragraphs 1 through 110 herein.

112.    By the acts alleged herein, including the unwanted touching during the unlawful arrest   upon  ERNEST  and  ARLENE  by  defendants  HARDESTY,  ADAMS  and

1   SANANIKONE,  and/or other BEAUMONT police officers, defendants committed a

2   battery upon ERNEST and ARLENE, entitling ERNEST and ARLENE to damages

3   pursuant to California law.

4   113.   As a result of these acts ERNEST and ARLENE suffered the injuries and damages

5   including severe pain and suffering and emotional distress, entitling them to damages in

6   an amount to be proven at trial.

7   114.   In committing the acts alleged above, defendants HARDESTY, ADAMS and

8   SANANIKONE,  and/or other BEAUMONT POLICE officers, acted maliciously and/or

9   were guilty of a wanton and reckless disregard for the rights and feelings of ERNEST and

10   ARLENE and by reason thereof ERNEST and ARLENE are entitled to exemplary and

11   punitive damages in an amount to be proven at trial.

12

13

**THIRTEENTH CAUSE OF ACTION**
**Civil Code § 52.1 Civil Rights Violations**

14

**By Plaintiffs ERNEST and ARLENE Against Defendants CITY OF**
**BEAUMONT, BEAUMONT POLICE, HARDESTY, ADAMS and**
**SANANIKONE and Does 1 to 10 Inclusive**

15

16   115.   Plaintiffs ERNEST and ARLENE re-allege and incorporates by reference each and

17   every allegation contained in Paragraphs 1 through 114 herein.

18

19   116.   The acts alleged above, particularly the acts of  false arrest,  constituted an

20   unlawful seizure in violation of the Fourth and Fifth Amendments of the Constitution of

21   the United States, respectively, as well as in violation of Plaintiffs' rights guaranteed by

22   the California Constitution and other laws, including the right of privacy. These acts were

23   committed by threats, intimidation and/or coercion.  Therefore, Plaintiffs are entitled to

24   damages pursuant to California Civil Code section 52.1(b).

25   117.   By reason of the acts of defendants and each of them alleged above, Plaintiffs

26   suffered the injuries and damages alleged above. Plaintiffs are therefore entitled to general

27   and compensatory damages against defendants and each of them in an amount to be proven

28   at trial.

118.    In committing the acts alleged above, Defendants HARDESTY, ADAMS and SANANIKONE,  and/or other BEAUMONT police officers, acted maliciously and oppressively and by reason thereof Plaintiffs demand exemplary and punitive damages in an amount to be proven at trial.

### PRAYER

WHEREFORE, Plaintiffs request trial by jury and pray judgment against the Defendants as follows:

First Cause of Action ASSAULT AND BATTERY - By minor Plaintiffs  Against ALL Defendants, and Does 1 through 10, Inclusive

1.    General damages in an amount to be determined by proof at trial.

2.    Medical and related expenses in an amount to be determined by proof at trial.

3.    Punitive damages as against the individual Defendants.

4.    Costs of this action.

5.    Interest according to law.

6.    Any other and further relief that the Court considers proper.

Second Cause of Action BATTERY - By minor Plaintiffs Against ALL Defendants, and Does 1 through 10, Inclusive

1.    General damages in an amount to be determined by proof at trial.

2.    Medical and related expenses in an amount to be determined by proof at trial.

3.    Punitive damages as against individual Defendants only.

4.    Costs of this action.

5.    Interest according to law.

6.    Any other and further relief that the Court considers proper.

Third Cause of Action FALSE IMPRISONMENT - By minor  Plaintiffs Against ALL Defendants, and Does 1 through 10, Inclusive

1.    General damages in an amount to be determined by proof at trial.

2.     Medical and related expenses in an amount to be determined by proof at trial.

3.     Punitive damages as against individual Defendants only.

4.     Costs of this action.

5.     Interest according to law.

6.     Any other and further relief that the Court considers proper.

FOURTH Cause of Action Intentional Infliction of Emotional Distress - By ALL PLAINTIFFS Against ALL Defendants, and Does 1 through 10, Inclusive

1.     General damages in an amount to be determined by proof at trial.

2.     Medical and related expenses in an amount to be determined by proof at trial.

3.     Punitive damages as against individual Defendants only.

4.     Costs of this action.

5.     Interest according to law.

6.     Any other and further relief that the Court considers proper.

FIFTH Cause of Action VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983  - By Plaintiffs Against All  Individual Defendants, and Does 1 through 10, Inclusive

1.     General damages in an amount to be determined by proof at trial.

2.     Medical and related expenses in an amount to be determined by proof at trial.

3.     Punitive damages as against individual Defendants only.

4.     Attorney fees, costs and expenses as authorized by 42 U.S.C. § 1988 according to proof.

5.     Interest according to law.

6.     Costs of this action.

7.     Any other and further relief that the Court considers proper.

///

///

SIXTH  Cause of Action - MONELL RELATED CLAIMS

By ALL Plaintiffs Against the COUNTY OF RIVERSIDE and CITY OF BEAUMONT

1.    General damages in an amount to be determined by proof at trial.

2.    Medical and related expenses in an amount to be determined by proof at trial.

3.    Attorney fees, costs and expenses as authorized by 42 U.S.C. § 1988 according to proof.

4.    Interest according to law.

5.    Costs of this action.

6.    Any injunctive and other and further relief that the Court considers proper.

Seventh Cause of Action VIOLATION OF STATE CIVIL RIGHTS

(UNDER CALIFORNIA CIVIL CODE § 43) AGAINST ALL DEFENDANTS

By All Plaintiffs

1.    General damages in an amount to be determined by proof at trial.

2.    Medical and related expenses in an amount to be determined by proof at trial.

3.    Punitive damages as against individual Defendants only.

4.    Attorney fees, costs, penalties and expenses as authorized by law according to proof.

5.    Interest according to law.

6.    Costs of their action.

7.    Any other and further relief that the Court considers proper.

Eighth  Cause of Action VIOLATION OF STATE CIVIL RIGHTS §52.1

AGAINST ALL DEFENDANTS - By All Plaintiffs

1.    General damages in an amount to be determined by proof at trial.

2.    Medical and related expenses in an amount to be determined by proof at trial.

3. Punitive damages as against individual Defendants only.

4. Attorney fees, costs, penalties and expenses as authorized by law according to proof.

5. Interest according to law.

6. Costs of this action.

7. Any injunctive and other and further relief that the Court considers proper.

Ninth Cause of Action VIOLATION OF CIVIL RIGHTS UNDER

42 U.S.C. §1983  - By Plaintiffs ERNEST and ARLENE All  Individual

CITY  Defendants, and Does 1 through 10, Inclusive

1. General damages in an amount to be determined by proof at trial.

2. Medical and related expenses in an amount to be determined by proof at trial.

3. Punitive damages as against individual Defendants only.

4. Attorney fees, costs and expenses as authorized by 42 U.S.C. § 1988 according to proof.

5. Interest according to law.

6. Costs of this action.

7. Any other and further relief that the Court considers proper.

Tenth CAUSE OF ACTION MONELL RELATED CLAIMS

By Plaintiffs ERNEST and ARLENE Against CITY OF BEAUMONT

1. General damages in an amount to be determined by proof at trial.

2. Medical and related expenses in an amount to be determined by proof at trial.

3. Attorney fees, costs and expenses as authorized by 42 U.S.C. § 1988 according to proof.

4. Interest according to law.

5. Costs of this action.

6. Any injunctive and other and further relief that the Court considers proper.

///

Eleventh CAUSE OF ACTION - False Arrest against ALL CITY

Defendants by ERNSEST and ARLENE and Does 1 through 10, Inclusive

1.     General damages in an amount to be determined by proof at trial.

2.     Medical and related expenses in an amount to be determined by proof at trial.

3.     Punitive damages as against individual Defendants only.

4.     Costs of this action.

5.     Interest according to law.

6.     Any other and further relief that the Court considers proper.

Twelfth CAUSE OF ACTION-Battery by ERNEST and ARLENE against

ALL CITY Defendants and Does 1 through 10, Inclusive

1.     General damages in an amount to be determined by proof at trial.

2.     Medical and related expenses in an amount to be determined by proof at trial.

3.     Punitive damages as against individual Defendants only.

4.     Costs of this action.

5.     Interest according to law.

6.     Any other and further relief that the Court considers proper.

///

///

///

///

///

///

///

///

///

///

Thirteenth  CAUSE OF ACTION- VIOLATION OF STATE CIVIL

RIGHTS §52.1 By ERNEST and ARLENE AGAINST ALL CITY DEFENDANTS

1.      General damages in an amount to be determined by proof at trial.

2.      Medical and related expenses in an amount to be determined by proof at trial.

3.      Punitive damages as against individual Defendants only.

4.      Attorney fees, costs, penalties and expenses as authorized by law according to proof.

5.      Interest according to law.

6.      Costs of this action.

7.      Any injunctive and other and further relief that the Court considers proper.


DATED: October ⌃, 2013                    LAW OFFICE OF DONNIE R. COX

DONNIE R. COX, Attorney for ERNEST
J. PEDROZA, and ARLENE G.
PEDROZA , D.M.P. and D.L.P.
minors, by and through their Guardian *Ad Litem*, Jane Ellen Martines.